⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

**SUCV2020002453**

CHEVEDA D. MCCAMY
DEC 03, 2020 12:12 PM

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

## IN THE SUPERIOR COURT OF NEWTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **CHASITY PINKSTON,** | : | |
| Plaintiff, | : | |
| VS. | : | |
| **FLASH FOODS, LLC, JOHN DOE A** , in his individual and professional capacities, and **JOHN DOES NOS 1-10** whether singular or plural, whether masculine or feminine, whether entities or individuals, whom are not known at this time but will be added by amendment when ascertained. | : | **CIVIL ACTION NO. _____** |
| Defendants. | : | |

## COMPLAINT FOR DAMAGES

COMES NOW, Chasity Pinkston, plaintiff in the above-captioned case, by and through

undersigned counsel of record and files this Complaint for Damages and respectfully shows this

Honorable Court as follows:

### VENUE AND JURISDICTION

1.

The defendant Flash Foods, LLC is a domestic for-profit limited liability company who's

registered agent resides in Gwinnett County, Georgia. As such, Defendant Flash Foods, LLC is

subject to the venue of Gwinnett County, Georgia pursuant to O.C.G.A. § 14-2-510(b)(1).

2.

The occurrence which gives rise to this Complaint for Damages occurred in Newton

County Georgia. As such, Defendant Flash Foods, LLC is subject to the venue of Newton

County, Georgia pursuant to O.C.G.A. § 14-2-510(b)(3).

3.

The defendant Flash Foods, LLC is subject to the jurisdiction of this Honorable Court.

See: O.C.G.A. § 9-10-91(2); International Shoe Co. v. Washington, 326 U.S. 310 (1945).

4.

This venue is proper as to the defendant Flash Foods, LLC.

5.

Defendant John Doe A is alleged to be, at all times relevant to this Complaint for

Damages, a joint-tortfeasor with defendant Flash Foods, LLC.

6.

Defendant John Doe A is subject to the jurisdiction of this court.

7.

This venue is proper as to defendant John Doe A. See: O.C.G.A. § 9-10-31(a).

8.

The defendant(s), JOHN DOES NOS 1-10, are individuals whose identities are unknown

to the plaintiff but known to the defendants Flash Foods, LLC and John Doe A and were

operating within their capacity as employees of the defendant Flash Foods, LLC when the

occurrence giving rise to this Complaint for Damages occurred.

9.

Defendant(s) JOHN DOES NOS 1-10 are alleged to be, at all times relevant to this

Complaint for Damages, joint-tortfeasors with defendant Flash Foods, LLC.

10.

Defendant(s) JOHN DOES NOS 1-10 are subject to the jurisdiction of this Court. See: O.C.G.A. § 9-10-31(a).

11.

This venue is proper as to defendant(s) JOHN DOES NOS 1-10.

## GENERAL FACTS COMMON TO ALL COUNTS

12.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

## THE PREMISES

13.

Defendant Flash Foods, LLC owns and/or operates a gas station located at 4175 Salem Rd, Covington, GA 30016 (hereinafter, "premises").

14.

Defendant John Doe A, at all times relevant to this Complaint for Damages, was the manager and/or operator of the aforementioned premises.

15.

Defendant John Doe A, at all times relevant to this Complaint for Damages, was an agent and/or employee of defendant Flash Foods, LLC.

16.

Defendant(s) JOHN DOES NOS 1-10 are agents and/or employees of defendant Flash Foods, LLC.

17.

Defendant John Doe A has a duty to supervise and/or manage the daily work of defendant(s) JOHN DOES NOS 1-10.

18.

The aforementioned premises is open to the public for business.

19.

On or about January 9, 2019 Flash Foods, LLC, by express or implied invitation, induced or lead the Plaintiff to come upon the aforementioned premises for a lawful purpose.

20.

On or about January 9, 2019 Plaintiff was an invitee on the premises owned and operated by the defendant Flash Foods, LLC.

## CONDITIONS LEADING TO INJURY

21.

While on the premises as an invitee, Plaintiff slipped and fell near one of the gas pumps.

22.

At all times relevant to this Complaint for Damages, there were no signs and/or warnings to put plaintiff on notice of a potentially dangerous hazard.

## INJURIES AND DAMAGES

23.

The aforementioned circumstances pled in this Complaint for Damages resulted in serious injuries to plaintiff's body.

24.

As a foreseeable and proximate result of Plaintiff's injuries, the Plaintiff has incurred medical expenses in excess of $82,779.10 and lost wages in excess of $1.00.

25.

In addition to the aforementioned damages, Plaintiff has and will endure pain and suffering.

## COUNT I: PREMISES LIABILITY AS TO FLASH FOODS, LLC

26.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

27.

Defendant Flash Foods, LLC has and had a duty to exercise ordinary care in keeping the aforementioned store and its approaches safe.

28.

Defendant Flash Foods, LLC, breached the aforementioned duty on January 9, 2019 by failing to use ordinary care in preventing hazardous conditions which could result in an injury.

29.

As a foreseeable and proximate result of the defendant Flash Foods, LLC's breach, the Plaintiff suffered serious injuries to Plaintiff's body as pled in this Complaint for Damages.

30.

As a foreseeable and proximate result of Plaintiff's injuries, the Plaintiff incurred damages as pled in this Complaint for Damages.

31.

Plaintiff has a cause of action against defendant Flash Foods, LLC for personal injuries arising from defendant's premises liability.

32.

Plaintiff is entitled to recover from the defendant Flash Foods, LLC for damages as pled in this Complaint for Damages.

## COUNT II: PREMISES LIABILITY AS TO JOHN DOE A

33.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

34.

Defendant John Doe A, through his/her relationship with defendant Flash Foods, LLC pled in this Complaint for Damages, had sufficient control over the aforementioned premises to make him/her an owner or occupier of land under the laws of the State of Georgia. See: Norman v. Jones Lang Lasalle Ams., Inc., 277 Ga.App. 621, 622 (2006).

35.

Defendant John Doe A has and had a duty to exercise ordinary care in keeping the aforementioned store and its approaches safe.

36.

Defendant John Doe A breached the aforementioned duty on January 9, 2019 by failing to use ordinary care in preventing hazardous conditions which could result in an injury.

37.

As a foreseeable and proximate result of the defendant John Doe A's breach, the Plaintiff

suffered serious injuries to Plaintiff's body as pled in this Complaint for Damages.

38.

As a foreseeable and proximate result of Plaintiff's injuries, the Plaintiff has incurred damages as pled in this Complaint for Damages.

39.

Plaintiff has a cause of action against defendant John Doe A for personal injuries arising from defendant's premises liability.

40.

Plaintiff is entitled to recover from the defendant John Doe A for damages as pled in this Complaint for Damages.

## COUNT III: NEGLIGENCE AS TO JOHN DOES NOS 1-10

41.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

42.

Defendant(s) JOHN DOES NOS 1-10, as a responsibility of employment, had and have a duty to inspect the aforementioned premises.

43.

Defendant(s) JOHN DOES NOS 1-10 breached this duty on January 9, 2019 by failing to keep approaches and walkways safe.

44.

In the alternative or in addition thereto, defendant(s) JOHN DOES NOS 1-10 breached

this duty on January 9, 2019 by failing to provide sufficient warnings of a risk of injury.

45.

As a foreseeable and proximate result of the defendant(s) JOHN DOES NOS 1-10's

breach, the Plaintiff suffered serious injuries as pled in this Complaint for Damages.

46.

As a foreseeable and proximate result of Plaintiff's injuries, the Plaintiff has incurred

damages as pled in this Complaint for Damages.

47.

Plaintiff has a cause of action against defendant(s) JOHN DOES NOS 1-10 for personal

injuries arising from defendant's negligence.

48.

Plaintiff is entitled to recover from the defendant(s) JOHN DOES NOS 1-10 for damages

as pled in this Complaint for Damages.


## COUNT IV: NEGLIGENCE AS TO JOHN DOE A

49.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

50.

At all times relevant to this Complaint for Damages, Defendant John Doe A, through his

relationship with defendants, had a duty to supervise the daily work of defendant(s) JOHN DOES

NOS 1-10.

51.

Defendant John Doe A breached the aforementioned duty on January 9, 2019 by failing to properly supervise the daily work of JOHN DOES NOS 1-10.

52.

As a foreseeable and proximate result of the defendant JOHN DOES NOS 1-10's breach, the Plaintiff suffered serious injuries to Plaintiff's body as pled in this Complaint for Damages.

53.

As a foreseeable and proximate result of Plaintiff's injuries, the Plaintiff has incurred damages as pled in this Complaint for Damages.

54.

Plaintiff has a cause of action against defendant John Doe A for personal injuries arising from defendant's negligence.

55.

Plaintiff is entitled to recover from the defendant John Doe A for damages as pled in this Complaint for Damages.

## COUNT V: VICARIOUS LIABILITY OF FLASH FOODS, LLC

56.

Plaintiff hereby incorporates all previous paragraphs of this Complaint for Damages.

57.

Defendant(s) JOHN DOES NOS 1-10 were acting within the scope of their employment when they committed the torts enumerated in Count III of this Complaint for Damages.

58.

Defendant John Doe A was acting within the scope of his employment when he committed the torts enumerated in Count II and Count IV of this Complaint for Damages.

59.

Defendant John Doe A is liable for the negligent conduct of its employee under a theory of respondeat superior.

60.

In the alternative, defendant Flash Foods, LLC is liable to the plaintiff for negligent hiring and retention of an unsafe employee or any other applicable theory of vicarious liability.

61.

Plaintiff is entitled to recover from Flash Foods, LLC for damages which resulted from the negligent conduct pled in Counts II, III, and IV of this Complaint for Damages.

WHEREFORE, the Plaintiff prays that:

a.   Summons be issued as to the Defendant(s);
b.   that the Defendant(s) be called to answer this Complaint for Damages;
c.   that a trial be held on all issues so triable;
d.   that a Judgment be entered against the Defendant for all the Plaintiff's specific damages including past and future medical expenses and past and future lost wages, if applicable;
e.   that said Judgment include an award of attorneys' fees and costs for the Defendant(s)' bad faith, stubborn litigiousness, and causing the Plaintiff unnecessary time and expense pursuant to O.C.G.A. § 13-6-11; see: Bo Phillips Co. v. R.L. King Properties, LLC, 336 Ga. App. 705 (2016);
f.   that said Judgment include a sum to compensate the Plaintiff for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury; and,
g.   such further relief as this Court determines is adequate and just.

# SUPERIOR COURT OF NEWTON COUNTY
## STATE OF GEORGIA

🔒 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

**SUCV2020002453**

CHEVEDA D. MCCAMY
DEC 03, 2020 12:12 PM

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

CIVIL ACTION NUMBER  SUCV2020002453

Pinkston , Chasity

**PLAINTIFF**

VS.

Flash Foods, LLC
Doe A , John
Does No. 1-10, John

**DEFENDANTS**

## SUMMONS

TO: FLASH FOODS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**David Dorer**
**Dozier Law Firm, LLC**
**327 Third Street**
**PO Box 13**
**Macon, Georgia 31201-0013**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of December, 2020.**

Clerk of Superior Court

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

This3 day of December 2020.

/s/ David T. Dorer _____
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

**SUCV2020002453**

CHEVEDA D. MCCAMY
DEC 03, 2020 12:12 PM

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

## IN THE SUPERIOR COURT OF NEWTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **CHASITY PINKSTON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| **FLASH FOODS, LLC, JOHN DOE A** | : | **CIVIL ACTION NO.** _____ |
| , in his individual and professional | : | |
| capacities, and **JOHN DOES NOS 1-10** | : | |
| whether singular or plural, whether | : | |
| masculine or feminine, whether entities or | : | |
| individuals, whom are not known at this | : | |
| time but will be added by amendment | : | |
| when ascertained. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## NOTICE OF LAWSUIT

TO: Flash Foods, LLC

I am notifying you in writing, pursuant to my requirements under O.C.G.A. § 9-11-4(d)(3)(A), that a lawsuit in the above-captioned court has been commenced against you. A copy of the complaint in the above-captioned case is attached to this notice, as is required by O.C.G.A. § 9-11-4(d)(3)(C). This notice has been sent via certified mail with return receipt requested so as to be the most reliable means of ensuring delivery, above and beyond the requirements of O.C.G.A. § 9-11-4(d)(3)(B).

This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Acknowledgment of Service, Waiver of Issuance of a Summons, Waiver of Defense of Insufficiency of Service of Process, and Waiver of any Further Service  in order to

Page 1 of 4

save the cost of serving you with a judicial summons and an additional copy of the complaint.

Your duty to avoid the unnecessary cost of service under O.C.G.A. § 9-11-4(d)(3) will be properly performed if I and the Court receive a signed copy of the waiver within 30 days after the date designated below as the date on which this notice is received. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

**<u>YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS<br>MATTER.</u>**

If you comply with this request and file with the above-captioned Court and return a copy to me of the signed Acknowledgment of Service, Waiver of the Issuance of a Summons, Waiver of Defenses of Insufficiency of Service of Process, and Waiver of any Further Service, the Waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before sixty (60) days from the date you execute the enclosed Acknowledgment of Service, Waiver of the Issuance of a Summons, Waiver of Defenses of Insufficiency of Service of Process, and Waiver of any Further Service.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full cost of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and

asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

## DUTY TO AVOID UNNECESSARY EXPENSES IN LITIGATION

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This 3 day of December 2020.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441

Page 3 of 4

dorer@dozierlaw.com

## CERTIFICATE OF SERVICE

I certify that I have served on the following persons, by certified mail and/or other reliable means, a copy of this notice, two copies of a proposed form for acknowledging and waiving service of process, a prepaid, self-addressed envelope, a copy of the Complaint, Summons, 5.2(2) certificate of service of discovery, original discovery requests, and all other filed notices, motions, orders, or pleadings in the above-captioned case to the following:

> Flash Foods, LLC
> C/o Corporation Service Company
> 40 Technology Parkway South, Suite 300
> Norcross, GA, 30092

This 3 day of December 2020.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

Page 4 of 4

# SUPERIOR COURT OF NEWTON COUNTY
# STATE OF GEORGIA

⚡ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

**SUCV2020002453**

CHEVEDA D. MCCAMY
DEC 03, 2020 12:12 PM

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

CIVIL ACTION NUMBER   <u>SUCV2020002453</u>

Pinkston , Chasity

_____

**PLAINTIFF**

**VS.**

Flash Foods, LLC
Doe A , John
Does No. 1-10, John

_____

**DEFENDANTS**

### SUMMONS

TO: DOE A , JOHN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **David Dorer**
> **Dozier Law Firm, LLC**
> **327 Third Street**
> **PO Box 13**
> **Macon, Georgia 31201-0013**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of December, 2020.**

Clerk of Superior Court

*Linda D. Hays*

_____
Linda D. Hays, Clerk
Newton County, Georgia

🔷 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

**SUCV2020002453**

CHEVEDA D. MCCAMY
DEC 03, 2020 12:12 PM

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

## IN THE SUPERIOR COURT OF NEWTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **CHASITY PINKSTON**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| **FLASH FOODS, LLC**, **JOHN DOE A** | : | **CIVIL ACTION NO.** _____ |
| , in his individual and professional | : | |
| capacities, and **JOHN DOES NOS 1-10** | : | |
| whether singular or plural, whether | : | |
| masculine or feminine, whether entities or | : | |
| individuals, whom are not known at this | : | |
| time but will be added by amendment | : | |
| when ascertained. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## NOTICE OF LAWSUIT

TO: John Doe A

I am notifying you in writing, pursuant to my requirements under O.C.G.A. § 9-11-4(d)(3)(A), that a lawsuit in the above-captioned court has been commenced against you. A copy of the complaint in the above-captioned case is attached to this notice, as is required by O.C.G.A. § 9-11-4(d)(3)(C). This notice has been sent via certified mail with return receipt requested so as to be the most reliable means of ensuring delivery, above and beyond the requirements of O.C.G.A. § 9-11-4(d)(3)(B).

This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed Acknowledgment of Service, Waiver of Issuance of a Summons, Waiver of Defense of Insufficiency of Service of Process, and Waiver of any Further Service  in order to

Page 1 of  4

save the cost of serving you with a judicial summons and an additional copy of the complaint.

Your duty to avoid the unnecessary cost of service under O.C.G.A. § 9-11-4(d)(3) will be properly performed if I and the Court receive a signed copy of the waiver within 30 days after the date designated below as the date on which this notice is received. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

## YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.

If you comply with this request and file with the above-captioned Court and return a copy to me of the signed Acknowledgment of Service, Waiver of the Issuance of a Summons, Waiver of Defenses of Insufficiency of Service of Process, and Waiver of any Further Service, the Waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before sixty (60) days from the date you execute the enclosed Acknowledgment of Service, Waiver of the Issuance of a Summons, Waiver of Defenses of Insufficiency of Service of Process, and Waiver of any Further Service.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full cost of service of summons, which is set forth on the Notice of Duty to Avoid Unnecessary Costs of Service of Summons enclosed herein.

Subsection (d) of Code Section 9-11-4 of the Official Code of Georgia Annotated requires certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and

asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for such defendant's failure to sign and return the waiver.

## DUTY TO AVOID UNNECESSARY EXPENSES IN LITIGATION

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This 3 day of December 2020.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441

**IN THE SUPERIOR COURT OF NEWTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| **CHASITY PINKSTON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| **FLASH FOODS, LLC, JOHN DOE A** | : | **CIVIL ACTION NO.** _____ |
| , in his individual and professional | : | |
| capacities, and **JOHN DOES NOS 1-10** | : | |
| whether singular or plural, whether | : | |
| masculine or feminine, whether entities or | : | |
| individuals, whom are not known at this | : | |
| time but will be added by amendment | : | |
| when ascertained. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S FIRST INTERROGATORIES TO FLASH FOODS, LLC**

TO:   Flash Foods, LLC

COMES NOW, the plaintiff in the above-captioned case, and hereby requires that

defendant answer under oath and in writing the following interrogatories within 30 days from the

date of service as provided by O.C.G.A. § 9-11-33, F.R.C.P. 33, or both, and that a copy of the

answers be furnished to plaintiff's attorney, David Thomas Dorer, P.O. Box 13, Macon, GA

31202.

NOTE A: When used in these interrogatories, the term defendant or any synonym thereof

is intended to and shall embrace and include, in addition to the said defendant, all agents,

servants, representatives, private investigators and others who are in a position for or may have

obtained information for or on behalf of the defendant.

NOTE B: These interrogatories shall be deemed continuing to the extent required by law.

You are requested to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony; and (2) amend any prior response if you subsequently learn that the original response was incorrect, or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

NOTE C: A corporate party is to provide all information, including that learned through hearsay, which is known to the corporation, its agents, employees or attorneys or appearing in its records.

## INSTRUCTIONS FOR ANSWERING

1. You are required, in responding to these foregoing interrogatories, to submit full and complete answers to all questions within thirty (30) days of service of the same.

2. Pursuant to O.C.G.A. § 9-11-33, you are required to respond to these foregoing interrogatories in writing.

3. Pursuant to O.C.G.A. §9-11-33, you are required to respond to these foregoing interrogatories subject to a sworn oath or affirmation to tell the truth, the whole truth, and nothing but the truth.

4. Pursuant to O.C.G.A. §9-11-33 and/or F.R.C.P. 33 and Plaintiff's Request for Production of Documents, you are required to identify any and all documents, witnesses, agents, employees, or other persons whom aid you in answering the foregoing interrogatories.

5. You are required under Georgia law to seasonably supplement your responses to the

foregoing interrogatories in the event that such responses are no longer accurate.

6. For any of the foregoing interrogatories to which the defendant claims a privilege or statutory authority as a ground for objection and refusal to answer, the defendant shall provide a factual and legal basis for any such claim, privilege or specific statutory or regulatory authority.

## DEFINITIONS

A.    "You," "your" and "yourself" refer to the party to whom the following requests are addressed, and its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices and employees, including persons or entities outside of the United States.

B.    "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

C.    "Identify" means when used in reference to:

(a)    a document, to state separately (i) its description (e.g., letter, report, memorandum, etc.), (ii) its date, (iii) its subject matter, (iv) the identity of each author or signer, (v) its present location and the identity of its custodian,

(b)    an oral statement, communication, conference or conversation, to state separately (i) its date and the place where it occurred, (ii) its substance, (iii) the identity of each person participating in the communication or conversation, and (iv) the identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of

Page 3 of 12

the statement,

(c)     a natural person or persons, to state separately (i) the full name of each

such person, (ii) his or her present, or last known business address and his

or her present or last known residential address, and (iii) the employer of

the person at the time to which the interrogatory answer is directed and the

person's title or position at that time,

(d)     an organization or entity other than a natural person (e.g., a company,

corporation, firm, association or partnership), to state separately (i) the full

name and type of organization or entity, (ii) the date and state of

organization or incorporation, (iii) the address of each of its principal

places of business, and (iv) the nature of the business conducted.

D.     "Communications" shall mean any transmission of information, the information

transmitted, and any process by which information is transmitted, and shall

include written communications and oral communications.

E.     "Document" or "documents" includes without limitation any written, typed,

printed, recorded or graphic matter, however preserved, produced or reproduced,

of any type or description, regardless of origin or location, including without

limitation any binder, cover note, certificate, letter, correspondence, record, table,

chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary,

log, calendar, telex, message (including, but not limited to, interoffice and

intra-office communications), questionnaire, bill, purchase order, shipping order,

contract, memorandum of contract, agreement, assignment, license, certificate,

permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgment, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of any such recording, projection, videotape, film, microfiche and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each nonidentical copy as a separate document.

F.  "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

G.  "Claim" means a demand or assertion, whether oral or written, formal or informal, by any person or monetary payment, the undertaking of action, or the cessation of action.

H.      "Consulted" or "contracted" means any form of communication, e.g., oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letters or documents.

I.      "Defendant" means , its subsidiaries, divisions, parent company and holding company and the directors, officers, employees, agents, representatives and others known to you to have acted on their respective behalf.

J.       "Management" or "manage" includes any act of directing, conducting, administering, controlling or handling an identified function or duty.

K.      "During the relevant time period" shall mean a period of five years before and up to the date of occurrence alleged.

L.      "Any" shall also mean "all" and vice versa.

M.       "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

## INTERROGATORIES

1.

Was this defendant the owner of the premises, in control of the premises, and/or in exclusive possession of the premises upon which the alleged occurrence took place at the time of the alleged occurrence? If yes, please state the length of time prior to the alleged occurrence that the defendant owned, operated, controlled, or exclusively possessed the premises. If the defendant did not own the premises on which the alleged occurrence took place, please state the name, address and relationship to the defendant, if any, of the owner, and the exact relationship of the defendant to the premises in terms of contractual control or responsibility at the time of the

alleged occurrence, and the length of time such relationship had existed prior to the alleged occurrence.

2.

At the time of the alleged occurrence, did defendant have an employee whose responsibility was to oversee the management of the premises for this defendant? If yes, please identify, by name and address, each such employee, describe in detail the duties and responsibilities of each such employee. If no, please identify by name and address, each agency, organization, person, or entity whom furnished any person for the purpose of providing any such duty

3.

Did you or any agent, employee, or independent contractor of the defendant subsequent to the alleged occurrence repair, correct or change any property of the defendant which was involved in any way in the alleged occurrence? If yes, please state the date and time of each such repair, correction or change, a full description of each such repair, correction or change, and the person, firm or corporation performing each such repair, correction, or change.

4.

If the premises on which the alleged occurrence took place were leased at the time of the alleged occurrence, please state:the name and address of the lessor, the name and address of the lessee, all the terms and conditions of the lease, whether the lease includes the defendant's duty to make repairs, and when and where the lease may be examined by plaintiff's counsel.

5.

Please set forth in complete detail the facts which form the basis for whatever legal

Page 7 of 12

relationship the defendant claims that the plaintiff had with the defendant at the time of the alleged occurrence, indicating whether tenant, social guest, business invitee, licensee, trespasser or otherwise.

6.

If you allege or contend that plaintiff's presence upon the defendant's premises was unauthorized, please state in complete detail the basis of such allegation or contention.

7.

Prior to the time of the alleged occurrence, did you know plaintiff either by appearance or name? If yes, please state how long you had known plaintiff, whether you knew plaintiff by name or by sight, how many times you had spoken to the plaintiff prior to the date of the alleged occurrence, and the nature of your relationship with the plaintiff, specifying whether you were close friends, casual friends, casual acquaintances, business friends or other.

8.

Please describe in full detail how the alleged occurrence happened, giving all events in complete detail in the order in which they occurred before, at the time of, and after the occurrence, which had any bearing on the alleged occurrence.

9.

Did any agent or employee of the defendant witness any occurrence on the defendant's premises which resulted in injury to the plaintiff? If yes, please describe fully how the alleged occurrence happened, stating in the answer all events relating to such occurrence in their sequential order.

10.

If known to you, your attorney, employee, agent, or other representative of the defendant, please state as to each witness to have seen, heard, or known about the alleged occurrence or any fact of consequence relating thereto the name and address of each such witness, the relationship to the defendant, if any, the location of each such witness at the time the witness saw, heard, or learned about the alleged occurrence, the substance of all information or knowledge about the alleged occurrence possessed by each such witness, whether or not each such witness has given any statement or account, either oral or in writing, of their knowledge of the alleged occurrence, the substance of each such statement or account, and the name, address and occupation of each person to whom each such statement or account was given.

11.

If any representatives of the defendant present or were in the vicinity at the time of the alleged occurrence, please identify fully each such representative and state the distance in feet of each agent or employee of the defendant from such location at the time of the alleged occurrence.

12.

Please describe in complete detail the alleged defect or defective condition, substance or object which caused the alleged occurrence, giving exact dimensions and all other physical characteristics of the alleged defect, condition, substance or object and its immediate vicinity.

13.

Please describe in complete detail each action or activity of the plaintiff as observed by you or any agent or employee of the defendant from the time the plaintiff was first seen until the plaintiff left the defendant's premises.

14.

Please describe in complete detail the appearance of the plaintiff immediately after the alleged occurrence.

15.

Did you or any agent or employee of the defendant know of the existence of the alleged defect, defective condition, substance or object prior to the alleged occurrence. If so, please state how you or any agent or employee of the defendant acquired such knowledge and how long you or any agent or employee of the defendant knew that the alleged defect, condition, substance or object had existed prior to the alleged occurrence.

16.

Did the defendant have a regular procedure for inspecting and guarding the premises and in particular the instrumentality which allegedly caused the alleged occurrence? If so, please state the name and address of each person in charge of inspecting or guarding the premises, the manner in which the premises were inspected or guarded, and whether the established procedure for guarding and inspecting was followed at the time of the alleged occurrence.

17.

Please state what precautions, if any, you took to assure that the plaintiff would have a clear and unobstructed view ahead of the place of the alleged occurrence? If any precautions were taken, please state the full identity of each such other person responsible for carrying out such precautions, giving name, address and a complete physical description and the full extent of each such persons responsibilities to carry out such precautions.

18.

What precautions, if any, were taken by the defendant, its agents or employees on the date of or prior to the alleged occurrence to prevent injuries to persons in the vicinity of the premises?

19.

Please describe in complete detail everything the defendant or any agent or employee of the defendant did to avoid the alleged occurrence.

20.

Did the defendant or any agent or employee of the defendant place or cause to be placed any warning signs, barriers or other physical devices for the protection of the public at or near the location of the alleged occurrence? If so, please describe in complete detail all warnings or signals, either written or oral, given by the defendant to the plaintiff prior to the alleged occurrence, when, giving the date, hour and minute each such protective physical device was located or placed, a detailed description of each such protective physical devices, the number of protective physical devices placed in this area, the location of each such protective physical device, and the name and address of each person, firm or corporation placing or causing such protective physical devices to be placed.

21.

With respect to the lighting and lighting conditions at the time of the alleged occurrence, about, above or within the location of such occurrence, please describe such lighting conditions fully and state whether the lighting conditions included artificial light, natural light or both.

22.

Did the defendant or any agent or employee of the defendant ever take or receive any

statement, either oral or in writing, from any person, including parties, who had any information

or knowledge relating to the alleged occurrence? If so, please state as to each such person his or

her identification, including name and address, the date of each statement taken, the form of each

such statement, whether oral, in writing, stenographic transcription, or otherwise, the substance

of each such statement, the name and address of each person who now has possession or custody

of each such statement, and if any such statement was in writing, either attach a copy to the

answers to these interrogatories, or indicate where and when each such statement may be

examined by counsel.

23.

If the defendant or any agent or employee of the defendant received notice of any kind

from the plaintiff, or someone on behalf of the plaintiff, of the alleged occurrence, please give the

date of receipt, the method by which notice was given and the substance of such notice.

24.

Does the defendant contend that the plaintiff by any act or omission caused or contributed

to cause the alleged occurrence? If yes, please describe in complete detail each such act or

omission of the plaintiff.

This 3 day of December 2020.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

Page 12 of 12

dorer@dozierlaw.com

## **CERTIFICATE OF SERVICE**

I certify that I have served on the following persons, by certified mail and/or other reliable means, a copy of this notice, two copies of a proposed form for acknowledging and waiving service of process, a prepaid, self-addressed envelope,  a copy of the Complaint, Summons, 5.2(2) certificate of service of discovery, original discovery requests, and all other filed notices, motions, orders, or pleadings in the above-captioned case to the following:

> John Doe A - Manager on Duty
> 4175 Salem Rd
> Covington, Georgia 30016

This 3 day of December 2020.

/s/ David T. Dorer _____
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

**IN THE SUPERIOR COURT OF NEWTON COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| **CHASITY PINKSTON,** | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| VS. | : |  |
|  | : |  |
| **FLASH FOODS, LLC, JOHN DOE A** | : | **CIVIL ACTION NO. _____** |
| , in his individual and professional | : |  |
| capacities, and **JOHN DOES NOS 1-10** | : |  |
| whether singular or plural, whether | : |  |
| masculine or feminine, whether entities or | : |  |
| individuals, whom are not known at this | : |  |
| time but will be added by amendment | : |  |
| when ascertained. | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO FLASH FOODS, LLC

TO:    Flash Foods, LLC

COMES NOW, Plaintiff in the above-captioned case, and hereby requests defendant to produce and permit plaintiff, or someone acting on plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably useable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26(b) of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b) and/or F.R.C.P. 26 and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things hereinbelow designated shall be made in the law

Page 1 of 15

offices of plaintiff's undersigned counsel of record.

## INSTRUCTIONS FOR ANSWERING

1. You are required, in responding to this request, to obtain and furnish all information available to you and any of your representatives, employees, agents, brokers, servants or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants or attorneys.

2. Each request which seeks information relating in any way to communications, to, from or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

3. Each request should be responded to separately. However, a document which is the response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4. All documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive. Where required by a particular paragraph of this Request, documents produced shall be further segregated and identified as indicated in this paragraph. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files or in such a manner as to preserve and identify the file from which such documents were taken.

5. If you object to part of any request, please furnish documents responsive to the remainder of the request.

Page 2 of 15

6. Each request refers to all documents that are either known by the defendant to exist or that can be located or discovered by reasonably diligent efforts of the defendant.

7. The documents produced in response to this Request shall include all attachments and enclosures.

8. The documents requested for production include those in the possession, custody or control of defendant, its agents, representatives or attorneys.

9. References to the singular include the plural.

10. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

11. All documents called for by this request or related to this request, for which the defendant claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

(a)     the place, date and manner of recording or otherwise preparing the document,

(b)     the name and title of the sender,

(c)     the identity of each person or persons [other than stenographic or clerical assistants] participating in the preparation of the document,

(d)     the identity and title with Defendant[s], if any, or the person or persons supplying Defendants' attorneys with the information requested above,

(e)     the identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication,

(f)     type of document,

(g)     subject matter [without revealing the relevant information for which privilege or

statutory authority is claimed]; and

(h)     factual and legal basis for claim, privilege or specific statutory or regulatory

authority which provides the claimed ground for nonproduction.

12. Each request to produce a document or documents shall be deemed to call for the

production of the original document or documents to the extent that they are in, or subject to,

directly or indirectly, the control of the party to whom this Request is addressed. In addition, each

request should be considered as including a request for separate production of all copies and, to

the extent applicable, preliminary drafts of documents that differ in any respect from the original

or final draft or from each other [e.g., by reason of difference in form or content or by reason of

handwritten notes or comments having been added to one copy of a document but not on the

original or other copies thereof].

13. All documents produced in response to this Request shall be produced in toto

notwithstanding the fact that portions thereof may contain information not requested.

14. If any documents requested herein have been lost or destroyed, the documents so lost

or destroyed shall be identified by author, date and subject matter.

15. Where exact information cannot be furnished, estimated information is to be supplied

to the extent possible. Where estimation is used, it should be so indicated, and an explanation

should be given as to the basis on which the estimate was made and the reason exact information

cannot be furnished.

16. With respect to any document requested which was once in possession, custody or

control, but no longer is, please indicate the date the document ceased to be in possession, custody or control, the manner in which it is ceased, and the name and address of its present custodian.

17. Unless otherwise indicated, each request is to be construed as encompassing all documents which pertain to the stated subject matter and to events which transpired between the time of the incident which gives rise to the complaint for damages up to the present.

18. Production can be accomplished by mailing the documents within the rule time to the Law Offices of David Thomas Dorer, The Dozier Law Firm, 327 Third Street, Macon, GA 31201

## DEFINITIONS

A.  "You," "your" and "yourself" refer to the party to whom the following requests are addressed, and its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices and employees, including persons or entities outside of the United States.

B.  "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

C.  "Identify" means when used in reference to:

    (a)  a document, to state separately (i) its description (e.g., letter, report, memorandum, etc.), (ii) its date, (iii) its subject matter, (iv) the identity of each author or signer, (v) its present location and the identity of its custodian,

    (b)  an oral statement, communication, conference or conversation, to state

separately (i) its date and the place where it occurred, (ii) its substance,

(iii) the identity of each person participating in the communication or

conversation, and (iv) the identity of all notes, memoranda or other

documents memorializing, referring to or relating to the subject matter of

the statement,

(c)    a natural person or persons, to state separately (i) the full name of each

such person, (ii) his or her present, or last known business address and his

or her present or last known residential address, and (iii) the employer of

the person at the time to which the interrogatory answer is directed and the

person's title or position at that time,

(d)    an organization or entity other than a natural person (e.g., a company,

corporation, firm, association or partnership), to state separately (I) the full

name and type of organization or entity, (ii) the date and state of

organization or incorporation, (iii) the address of each of its principal

places of business, and (iv) the nature of the business conducted.

D.    "Communications" shall mean any transmission of information, the information

transmitted, and any process by which information is transmitted, and shall

include written communications and oral communications.

E.    "Document" or "documents" includes without limitation any written, typed,

printed, recorded or graphic matter, however preserved, produced or reproduced,

of any type or description, regardless of origin or location, including without

limitation any binder, cover note, certificate, letter, correspondence, record, table,

Page 6 of 15

chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, interoffice and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgment, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of any such recording, projection, videotape, film, microfiche and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each nonidentical copy as a separate document.

F.    "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual

connection with the matter discussed.

G.     "Claim" means a demand or assertion, whether oral or written, formal or informal, by any person or monetary payment, the undertaking of action, or the cessation of action.

H.     "Consulted" or "contracted" means any form of communication, e.g., oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letters or documents.

I.     "Defendant" means , its subsidiaries, divisions, parent company and holding company and the directors, officers, employees, agents, representatives and others known to you to have acted on their respective behalf.

J.      "Management" or "manage" includes any act of directing, conducting, administering, controlling or handling an identified function or duty.

K.      "During the relevant time period" shall mean a period of five years before and up to the date of occurrence alleged.

L.     "Any" shall also mean "all" and vice versa.

M.      "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

## REQUESTS FOR PRODUCTION

### 1.

Any and all insurance agreements or policies, including umbrella policies, under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to identify or reimburse for payments made to

satisfy the judgment.

2.

All documents, including but not limited to written statements of any employees or the Plaintiff, records, correspondence, reports, or memoranda, regarding the subject matter of the above-captioned action or which relate in any way to the subject matter of this action.

3.

All reports, documents, records, memoranda and correspondence recording or reporting on the volume of traffic or the number of persons using the area referred to in the plaintiff's complaint as the area where the plaintiff was injured for the period of a week before the alleged occurrence. This includes, but is not limited to, any and all documents, records, reports, memoranda and/or correspondence referring in any way to injuries sustained by others at the same general location where the plaintiff was injured as set forth in the plaintiff's complaint.

4.

All documents or writings used in responding to plaintiff's interrogatories.

5.

All documents describing, mentioning or in any way tending to prove or disprove any allegation contained in defendant's answer. This includes, but is not limited to, all written or oral statements made by any person having knowledge of any fact tending to prove or disprove any allegation contained in defendant's answer.

6.

Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

Page 9 of 15

7.

Any documents, photographs, or other physical evidence which will be used or offered at trial.

8.

Copies of any document or statement which any witness of defendant will use to refresh his or her memory, either for deposition or trial.

9.

Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

10.

Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case but which may be used as demonstrative evidence at trial.

11.

All written policies and instructions, orders or memos and procedures in effect for defendant's employees relating to inspection, maintenance or repairs at the time and place of the plaintiff's alleged injury as set forth in the plaintiff's complaint.

12.

Job description or inspection, maintenance or repair checklist for any written job description outlining the specific nature of the duties and responsibilities for personnel employed at the place where the plaintiff was injured for a period of one year before the plaintiff's

occurrence.

13.

Records regarding the identity, number and assigned area of all inspection, maintenance and repair personnel on duty at the defendant's facilities for one year before the plaintiff's alleged occurrence.

14.

All inspection reports of the area where the plaintiff allegedly was injured for ten days before the plaintiff's alleged occurrence.

15.

Copies of any log of activities kept by the defendant's personnel for the day and night of the date of the plaintiff's alleged injuries as set forth in the plaintiff's complaint.

16.

The names and addresses of all defendant's personnel who were working within one hundred feet of the area where the plaintiff allegedly was injured at the time and place set forth in the plaintiff's complaint.

17.

All employment records showing the names and dates of employment of all persons employed by the defendant at the time and place of the plaintiff's alleged occurrence.

18.

All photographs, videotapes or motion pictures of the scene of the occurrence alleged in the complaint or of the plaintiff following the alleged occurrence (or of tangible objects involved in the occurrence alleged in the complaint).

19.

All documents evidencing, commenting upon or referring to any architectural drawings, plans, or the like for the site. This includes, but is not limited to, all plans, blueprints and/or specifications for the area referred to in the complaint.

20.

Any and all contracts, agreements or documents entered into by the defendant with any individual or corporation pertaining to the inspection, maintenance or repair of the area where the plaintiff was injured as set forth in the plaintiff's complaint.

21.

All records and documents, correspondence and memoranda regarding any changes or modifications made to the area where the plaintiff was injured as set forth in the plaintiff's complaint since the time of the alleged occurrence.

22.

Any insurance investigator's and/or adjuster's reports, memoranda, or documents pertaining to the incident in question.

23.

A copy of any surveillance movies or photographs which have been made of plaintiff.

24.

Copies of any and all statements previously made by plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiff hereto and contemporaneously recorded.

25.

Names of any witnesses who have information relevant to the allegations in plaintiff's complaint or defenses in defendant's answer.

26.

Personnel files for all management personnel and maintenance/cleaning personnel present at the premises at the time of the incident which gives rise to the plaintiff's Complaint for Damages.

27.

Any and all formal business organizational documentation which indicates which type of business structure, recognized by the secretary of state of this state or any state, you operate at the subject location.

28.

All documentation relating to all persons holding interest in the business, including amount of ownership interest and any explanations of duties and responsibilities to the business. This includes, but is not limited to, all documentation which permits you to operate a business at the subject location including any and all business licenses or retail sales licenses filed with any municipality or state agency. Further, this includes any documentation showing the date of transfer of business at the subject location if the ownership or occupation of the premises is controverted.

29.

Documentation relating to any person with a pecuniary interest in the outcome of this claim.

30.

All documentation showing whether the business you operate is a franchise or part of a nationwide corporation branding model, or not. If the business is operated as a franchise or part of a nationwide corporation branding model, please also produce documentation showing the existence of any policies and procedures, manuals, or rules and regulations for operation of the entity. Further, produce documentation of each supervisory employee employed by the entity as of the date of the incident.

31.

Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who have been retained or otherwise employed by defendant in anticipation of litigation or preparation for trial in this action. O.C.G.A. § 9-11-26 (b)(4)(A)(i); F.R.C.P 26(a)(2). Further, include any and all invoices for services rendered by any expert you intend to call to testify at trial, as well as the curriculum vitae, testimonial history, and a copy of any check tendered to any expert you intend to call to testify at trial.

32.

Any and all settlement agreements wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

This3 day of December 2020.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

## IN THE SUPERIOR COURT OF NEWTON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **CHASITY PINKSTON,** | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : |
| **FLASH FOODS, LLC, JOHN DOE A** | : |
| , in his individual and professional | : |
| capacities, and **JOHN DOES NOS 1-10** | : |
| whether singular or plural, whether | : |
| masculine or feminine, whether entities or | : |
| individuals, whom are not known at this | : |
| time but will be added by amendment | : |
| when ascertained. | : |
| | : |
| Defendants. | : |
| | : |

**CIVIL ACTION NO. _____**

### REQUEST FOR ADMISSIONS TO FLASH FOODS, LLC

TO:   Flash Foods, LLC

COMES NOW, the Plaintiff in the above-captioned case, by and through and undersigned

counsel of record and  pursuant to O.C.G.A. §9-11-36(a) and/or F.R.C.P. 36, and requests the

Defendant to admit the following in writing within 30 days of service of the same:

### REQUESTS FOR ADMISSION

1.

Admit that the above-captioned case was filed within the applicable statute of limitations.

2.

Admit that you were served with a copy of the Complaint and Summons in the above-

captioned case.

Page 1 of 3

3.

Admit that there are no deficiencies of service of process in the above-captioned case.

4.

Admit that you own or operate the premises located at 4175 Salem Rd, Covington, Georgia 30016.

5.

Admit that, on January 9, 2019, you owned or operated the premises located at 4175 Salem Rd, Covington, Georgia 30016.

6.

Admit that, on January 9, 2019, the plaintiff was a customer in the premises you owned or operated at 4175 Salem Rd, Covington, Georgia 30016.

7.

Admit that, on January 9, 2019, John Doe A was the manager or supervisor of the premises you owned or operated at 4175 Salem Rd, Covington, Georgia 30016.

8.

Admit that, on January 9, 2019, John Doe A supervised the daily work and operations of other employees of the premises you owned or operated at 4175 Salem Rd, Covington, Georgia 30016.

9.

Admit that all the allegations in the aforementioned complaint are true.

This 3 day of December 2020.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

**SUCV2020002453**

CHEVEDA D. MCCAMY
DEC 11, 2020 10:29 AM

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

**IN THE SUPERIOR COURT OF NEWTON COUNTY
STATE OF GEORGIA**

CHASITY PINKSTON,

    Plaintiff,

VS.

FLASH FOODS, LLC, JOHN DOE A
, in his individual and professional
capacities, and JOHN DOES NOS 1-10
whether singular or plural, whether
masculine or feminine, whether entities or
individuals, whom are not known at this
time but will be added by amendment
when ascertained.

    Defendants.

**CIVIL ACTION NO. SUCV2020002453**

## VERIFICATION OF COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff in the above-captioned case, and personally appears before

the undersigned, being of sound mind, the legal age of majority, and operating under no

deficiencies of intoxicants or medication, and verifies, under oath and penalty of perjury,  that the

attached Complaint for Damages is true and correct to the best of my personal knowledge.

This __11__ day of __December__, 20_20_.

        _Chasity Pinkston_

        Chasity Pinkston

Sworn to and subscribed before me
this __11__ day of __December__, 20_20_.
_Samantha Bowdoin_
Notary Public
My Commission Expires: 9/23/2023

*(Notary seal: SAMANTHA BOWDOIN, NOTARY, EXPIRES, GEORGIA, 09/23/2023, PUBLIC, HOUSTON COUNTY)*

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA
**SUCV2020002453**
CHEVEDA D. MCCAMY
DEC 03, 2020 12:12 PM

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

## IN THE SUPERIOR COURT OF NEWTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **CHASITY PINKSTON,** | : |
| Plaintiff, | : |
| VS. | : |
| | : |
| **FLASH FOODS, LLC, JOHN DOE A** | :     **CIVIL ACTION NO. _____** |
| , in his individual and professional | : |
| capacities, and **JOHN DOES NOS 1-10** | : |
| whether singular or plural, whether | : |
| masculine or feminine, whether entities or | : |
| individuals, whom are not known at this | : |
| time but will be added by amendment | : |
| when ascertained. | : |
| | : |
| Defendants. | : |
| | : |

## RULE 5.2(2) CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Uniform Rule 5.2(2), this is to certify that all parties to this action were

served with copies of the Plaintiff's First Interrogatories, Request for Production, and Requests

for Admission, and notice of deposition pursuant to O.C.G.A. § 9-11-30(b)(6) to **Flash Foods,**

**LLC** in the above-captioned case.

Said service was/will be made contemporaneously with a copy of the Complaint and

Summons in a manner consistent with the requirements of O.C.G.A. § 9-11-4. The date of

service on the subsequently-filed affidavit of service of summons is the date that **Flash Foods,**

**LLC** was served with the aforementioned discovery requests.

This3 day of December 2020.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

Page 2 of 2

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA
**SUCV2020002453**
CHEVEDA D. MCCAMY
DEC 03, 2020 12:12 PM

Linda D. Hays, Clerk
Newton County, Georgia

## IN THE SUPERIOR COURT OF NEWTON COUNTY
## STATE OF GEORGIA

**CHASITY PINKSTON,**                    :
                                         :
          Plaintiff,                     :
                                         :
VS.                                      :
                                         :
**FLASH FOODS, LLC, JOHN DOE A**         :        **CIVIL ACTION NO.** _____
, in his individual and professional     :
capacities, and **JOHN DOES NOS 1-10**   :
whether singular or plural, whether      :
masculine or feminine, whether entities or :
individuals, whom are not known at this  :
time but will be added by amendment      :
when ascertained.                        :
                                         :
          Defendants.                    :
                                         :

---

### MOTION TO APPOINT A SPECIAL AGENT FOR SERVICE OF PROCESS

COMES NOW, Plaintiff in the above-styled action and files this Motion to Appoint a

Special Agent for Service of Process and shows this Honorable Court as follows:

1.

Plaintiff filed the instant lawsuit on **file date**.

2.

Defendant has a "duty to avoid unnecessary costs of serving the summons" by

acknowledging and waiving service of process pursuant to O.C.G.A. § 9-11-4(d). Plaintiff is

affording the Defendant an opportunity to comply with this duty. See: Notice of Lawsuit, filed

contemporaneously hereto.

However, in the event that the Defendant is non-compliant, Plaintiff has a duty to serve

the Defendant within five (5) days of the person making such service receiving a copy of the

Page 1 of 2

Complaint and Summons. See: O.C.G.A. § 9-11-4(c). As such, the Plaintiff wishes to be prepared, and moves to appoint Plaintiff's process server to be ready to effectuate any service that may become necessary in this case.

3.

Plaintiff's process server meets the qualifications of being a process server in the State of Georgia. Exh. A.

4.

Plaintiff prays that this Honorable Court appoint Raymond Cross for purposes of service of process in this case.

This 3 day of December,  2020

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

# EXHIBIT A

# STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA
### AFFIDAVIT OF RAYMOND CROSS

1.

My name is Raymond Cross, I have reached the age of legal majority, am of sound mind, have not taken any mind altering substances which would impair my testimony or would interfere with my full and complete understanding of the oath I have sworn to when providing this affidavit of my testimony.

2.

I am a citizen of the United States and wholly disinterested from the parties to this action.

3.

I am a licensed investigator in good standing with the State of Georgia and an employee of Cross and Mullins Investigations since 2014.

4.

I have been a court appointed process server in numerous Georgia counties including Bibb, Houston, Jones, Peach, Crawford and the Ocmulgee Judicial Circuit. I am a year-to-year appointed process served in Bibb Superior Court.

This 14th day of January, 2020.

_____
Raymond Cross

Sworn to and subscribed before me
this 14th day of January 2020.
_____
Notary Public
My Commission Expires:

**IN THE SUPERIOR COURT OF NEWTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **CHASITY PINKSTON,** | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : |
| | : |
| **FLASH FOODS, LLC, JOHN DOE A** | :        **CIVIL ACTION NO.** _____ |
| , in his individual and professional | : |
| capacities, and **JOHN DOES NOS 1-10** | : |
| whether singular or plural, whether | : |
| masculine or feminine, whether entities or | : |
| individuals, whom are not known at this | : |
| time but will be added by amendment | : |
| when ascertained. | : |
| | : |
| Defendants. | : |
| | : |

**ORDER APPOINTING SPECIAL AGENT FOR SERVICE OF PROCESS**

WHERAS, the Plaintiff has moved this Court to appoint Raymond Cross as a special

agent of service of process; and,

WHEREAS, the Defendant(s) has/have not yet been served in the above-captioned case;

and,

WHEREAS, Raymond Cross  meets the qualifications of a special agent of service of

process under Georgia Law; it is so ORDERED.

Raymond Cross  is hereby appointed as a special agent for service of process in the

above-captioned case.

Page 1 of 2

So ordered this____day of _____20___.

_____
Judge, Superior Court of Newton County

Order Prepared By:
/s/ David Thomas Dorer
David Thomas Dorer
DOZIER LAW FIRM, LLC
Georgia Bar No. 934408
Attorney for the Plaintiff

## IN THE SUPERIOR COURT OF NEWTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **CHASITY PINKSTON,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| **FLASH FOODS, LLC, JOHN DOE A** | : | **CIVIL ACTION NO. _____** |
| , in his individual and professional | : | |
| capacities, and **JOHN DOES NOS 1-10** | : | |
| whether singular or plural, whether | : | |
| masculine or feminine, whether entities or | : | |
| individuals, whom are not known at this | : | |
| time but will be added by amendment | : | |
| when ascertained. | : | |
| | : | |
| Defendants. | : | |
| | : | |

### 30(b)(6) NOTICE OF DEPOSITION

COMES NOW, the Plaintiff, by and through undersigned counsel of record, and files this notice of a 30(b)(6) deposition, and shows as follows:

1.

Pursuant to 9-11-30(b)(6), Plaintiff hereby requests that the Defendant, Flash Foods, LLC, provide a witness to submit to a deposition whom can testify on behalf of the company on policies and procedures relating to the information submitted in Exhibit A, attached hereinto.

2.

The deposition shall be taken in the county where the action is currently pending, on March 3, 2021 at 10 a.m. at 327 Third Street, Macon, Georgia, 31201. The deposition shall continue day to day until concluded by the parties or under direction of the Court.

Page 1 of 3

This 3 day of December 2020.

/s/ David T. Dorer
David T. Dorer
Attorney for the Plaintiff
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

Page 2 of 3

# EXHIBIT A

The Witness to testify in the 30(b)(6) motion shall provide information on the following:

1) Policies and procedures for maintaining a safe premises at the location of the incident giving rise to the complaint for damages.

2) Policies and procedures on hiring processes for employees at the location of the incident giving rise to the complaint for damages

3) Policies and procedures for training of employees at the location of the incident giving rise to the complaint for damages

4) Policies and procedures for disciplining employees that fail to follow policies and procedures for maintaining a safe premises at the location of the incident giving rise to the complaint for damages.

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
NEWTON COUNTY, GEORGIA

**SUCV2020002453**

CHEVEDA D. MCCAMY
DEC 03, 2020 12:12 PM

*Linda D. Hays*
Linda D. Hays, Clerk
Newton County, Georgia

## IN THE SUPERIOR COURT OF NEWTON COUNTY
## STATE OF GEORGIA

**CHASITY PINKSTON,**

      Plaintiff,

VS.

**FLASH FOODS, LLC, JOHN DOE A** , in his individual and professional capacities, and **JOHN DOES NOS 1-10** whether singular or plural, whether masculine or feminine, whether entities or individuals, whom are not known at this time but will be added by amendment when ascertained.

      Defendants.

**CIVIL ACTION NO. _____**

---

## LEAVE OF ABSENCE

COMES NOW David T. Dorer and respectfully notifies all Judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.    The period of leave during which time Applicant will be away from the practice of law is: October 19, 2020 through and including October 23, 2020; November 23, 2020 through and including November 27, 2020; December 21, 2020 through and including December 31, 2020; February 15, 2021 through and including February 19, 2021; May 31, 2021 through and including June 4, 2021; July 5, 2021 through and including July 9, 2021; August 16, 2021 through and including August 20, 2021; September 7, 2021 through and including September 10, 2021; October 18, 2021 through and including October 22, 2021; November 22, 2021 through and

Page 1 of 2

including November 26, 2021; and December 20, 2021 through and including

December 31, 2021. The purpose of the leave is continuing education and

personal vacation.

2.      All affected Judges and opposing counsel shall have ten (10) days from the date of

the Notice to object to it. If no objections are filed, the leave shall be granted.

This 3 day of December 2020.

/s/ David T. Dorer<br>
David T. Dorer<br>
Attorney for the Plaintiff<br>
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

## CERTIFICATE OF SERVICE

I, David Dorer, hereby certify that I have served on all parties to this litigation a copy of

the foregoing pleading contemporaneously with service of process in a manner and method

consistent with the requirements of O.C.G.A. § 9-11-5.

This 3 day of December 2020.

/s/ David T. Dorer<br>
David T. Dorer<br>
Attorney for the Plaintiff<br>
State Bar No. 934408

DOZIER LAW FIRM, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202
(478) 742-8441
dorer@dozierlaw.com

Page 2 of 2